Ayuntamiento de Manatí *v.* La Administración de Puerto Rico.

Apelación procedente de la Corte de Distrito de San Juan.

No. 10.—Resuelto en marzo 18, 1904.

Demanda Contencioso-Administrativa—Término para Establecerla.—El término para formalizar la demanda contencioso-administrativa no puede exceder de treinta días y si no se formalizare dentro de ese término deberá declararse de oficio caducado el recurso.

EXPOSICIÓN DEL CASO.

En el resurso contencioso-administrativo que ante nos pende en grado de apelación, entre la Administración General, representada por el Hon. Assistant Attorney General, Don Emilio del Toro y el Ayuntamiento de Manatí, representado por el Letrado Don Juan R. Ramos, sobre revocación del auto dictado por el Tribunal de Distrito de San Juan en veintiseis de junio de 1903, y recaído en pleito seguido por dicho ayuntamiento contra resolución del Tesorero de Puerto Rico, sobre revocación de una multa impuesta a Don Wenceslao Borda, por omisión de matrículas de ganado, cuyo auto copiado literalmente dice así: (*)

"Puerto Rico, 26 de junio de 1903. Dada cuenta con estos autos contencioso-administrativos promovidos por el Ayuntamiento de Manatí contra resolución del Honorable Tesorero de Puerto Rico.

"*Resultando:* que interpuesto el recurso en tiempo y forma por el Lcdo. Don Juan Ramón Ramos, a nombre del expresado Ayuntamiento, en provisto de 30 de agosto de 1902, se dispuso reclamar el expediente administrativo, como se verificó el 10 de septiembre siguiente.

"*Resultando:* que remitidos a este tribunal, desde el 11 del propio mes, los expresados antecedentes, por el Honorable Attorney General, a quien, en la propia fecha, los remitiera el Tesorero, quedaron sin curso en la Secretaría, hasta que en 19 de marzo último, habiéndolos encontrado en ese estado, el nuevo Secretario que suscribe, dió cuenta con ellos al tribunal, que en provisto de 20 del mismo mes, mandó ponerlos de manifiesto al actor, por término de 20 días, para que formalizase su demanda.

"*Resultando:* que cumplida esa providencia el 27 del expresado mes de marzo, solicitó en seguida el Lcdo. Ramos la traducción de los escritos y constancias que aparecían redactados en el idioma inglés, la suspensión del término para formular su demanda y la entrega de los autos con ese objeto; a cuya solicitud recayó el provisto del propio día 27, accediendo a la traducción pedida, ordenando al intérprete la verificase dentro de cuatro días y disponiendo que el término para formalizar la demanda principiara a correr luego que el intérprete hubiere efectuado la traducción.

"*Resultando:* que terminada ésta en 31 de marzo, dada cuenta con ella al tribunal en 6 de abril próximo pasado, y ordenado en providencia del 7, se cumpliera la del 27 de marzo, en la parte que aun estaba pendiente, lo que se verificó el 13 de abril, poniendo de nuevo los autos de manifiesto al Licenciado Ramos, en 22 del propio mes, solicitó se le ampliase el término por todo el de la ley, y que se le entregasen los autos para formular la demanda, a cuya solicitud se accedió el día siguiente 22, prorrogándole el término a 10 días más, mandando entregarle los autos bajo resguardo, y encargando a la Secretaría recogerlos y dar cuenta al vencimiento del mencionado plazo.

"*Resultando:* que hasta el 15 del corriente no se ha presentado (*) por el Licenciado Ramos el escrito que precede, formalizando la demanda, aunque lleva la fecha del 15 de mayo. Visto el artículo 40 de la Ley de lo Contencioso-Administrativo, y

"*Considerando:* que el término para formalizar la demanda no puede exceder en ningún caso, de 30 días, y que si no se formalizare dentro de ese término, debe declararse de oficio caducado el recurso, según la terminante disposición del citado artículo 40.

"*Considerando:* que habiendo disfrutado el Licenciado Ramos de todo ese término para formalizar su recurso, a contar desde el 13 de abril, en que de nuevo se le pusieron de manifiesto los autos, con la traducción, había transcurrido con exceso el 15 de corriente, cuando hizo la presentación de aquél. Se declara caducado el mencionado recurso y hecha saber esta resolución a las partes, devuélvase al Honorable Attorney General el expediente administrativo que remitió, con copia certificada de este auto. Así lo acordaron y firman los señores del tribunal. Certifico: Juan Morera Martínez, Frank H. Richmond, José Tous Soto, Luis Méndez Vaz."

*Resultando:* que notificado este auto a la representación del Ayuntamiento de Manatí, estableció recurso de reforma, interponiendo asimismo apelación, para el caso de entender el tribunal que no procedía el recurso de reposición o reforma solicitado, cuya Corte de Distrito, por provisto de diez y siete de julio siguiente, bajo el fundamento de que el auto recurrido era definitivo, por cuanto ponía término al pleito, imposibilitando su continuación, siendo por tanto apelable, y no reformable, por el tribunal que lo dictó, admitió el recurso

de apelación para ante esta Corte Suprema, y elevadas las actuaciones originales, previa citación y emplazamiento de las partes, compareció ante este tribunal la representación del Ayuntamiento de Manatí, teniéndole por personado; y redactada la correspondiente nota, que se puso de manifiesto a las partes, con las actuaciones y el expediente gubernativo, sin que hicieran alegación alguna, se señaló día para la vista, la que tuvo lugar el diez y seis de los corrientes, con (*) informe oral de la parte apelante y del Fiscal de esta Corte Suprema.

Abogado del apelante: *Sr. Juan R. Ramos.*

Abogado del apelado: *Sr. del Toro, Fiscal.*

El Juez Presidente Sr. Quiñones, después de exponer los hechos anteriores, emitió la opinión del tribunal.

*Aceptando* los fundamentos de hecho y de derecho de la resolución apelada.

*Fallamos:* que debemos confirmar y confirmamos el auto dictado por el Tribunal de Distrito de San Juan, en veinte y seis de Junio de mil novecientos tres, con las costas al recurrente.

Jueces concurrentes: Sres. Hernández, Figueroa, Sulzbacher y MacLeary.